**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LOUIS BODWAY,<br><br>Plaintiff(s),<br><br>vs.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security Administration,<br><br>Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:21-CV-1195 SRW |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of an adverse ruling by the Social Security Administration. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Plaintiff filed a Brief in support of the Complaint. ECF No. 11. Defendant filed a Brief in Support of the Answer. ECF No. 16. The Court has reviewed the parties' briefs and the entire administrative record, including the transcripts and medical evidence. Based on the following, the Court will reverse the Commissioner's denial of Plaintiff's application and remand the case for further proceedings.

**I. Factual and Procedural Background**

On November 7, 2019, Plaintiff Louis Bodway protectively filed an application for supplemental security income (SSI) under Title XVI, 42 U.S.C. §§ 1381, *et seq.*, alleging disability beginning May 15, 2013. Tr. 117, 133-41. Plaintiff's application was denied on initial consideration and reconsideration. Tr. 142-46, 154-60. On June 16, 2020, he requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 161-76.

Plaintiff appeared for a telephonic hearing, with the assistance of counsel, on October 28, 2020. Tr. 60-104. Plaintiff testified concerning his disability, daily activities, functional limitations, and past work. *Id*. The ALJ also received testimony from vocational expert ("VE") Susan Shea. *Id*. at 97-103. On October 31, 2020, Plaintiff submitted a "Notice of Amended Onset Date of Disability," which amended his alleged onset date to November 7, 2019.[1] Tr. 261.

On January 12, 2021, the ALJ issued an unfavorable decision finding Plaintiff not disabled. Tr. 19-37. Plaintiff filed a request for review of the ALJ's decision with the Appeals Council. Tr. 238-39. On September 1, 2021, the Appeals Council denied Plaintiff's request for review. Tr. 1-6. Accordingly, the ALJ's decision stands as the Commissioner's final decision.

With regard to Plaintiff's testimony, medical records, and work history, the Court accepts the facts as presented in the parties' respective statements of facts and responses. The Court will discuss specific facts relevant to the parties' arguments as needed in the discussion below.

## II. Legal Standard

A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" § 1382c(a)(3)(B).

[1] The record reflects Plaintiff was previously approved for SSI benefits with an alleged onset date of May 15, 2013. Tr. 218-32. He received SSI benefits until he was incarcerated in 2017. Tr. 67-68

The Commissioner follows a five-step sequential process when evaluating whether the claimant has a disability. 20 C.F.R. § 416.920(a)(1). First, the Commissioner considers the claimant's work activity. If the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a severe impairment "which significantly limits claimant's physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *see also* 20 C.F.R. § 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also* 20 C.F.R. §§ 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), (d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(5)(i). An RFC is "defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011); *see also* 20 C.F.R. § 416.945(a)(1). While an RFC must be based "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an "administrative

assessment"—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, the claimant is responsible for *providing* evidence relating to his RFC, and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 416.945(a)(3). If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

Fifth, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production to show the claimant maintains the RFC to perform work which exists in significant numbers in the national economy shifts to the Commissioner. *See Brock v. Astrue*, 574 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work which exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id.* At Step Five, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Hensley*, 829 F.3d at 932.

If substantial evidence on the record as a whole supports the Commissioner's decision, the Court must affirm the decision. 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary

sufficiency is not high." *Id*. Under this test, the court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id*. The ALJ will not be "reverse[d] merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 370 (8th Cir. 2016).

## III. The ALJ's Decision

Applying the foregoing five-step analysis, the ALJ found Plaintiff has not engaged in substantial gainful activity since November 7, 2019, his application date for supplemental security income. Tr. 24. Plaintiff has the severe impairments of "chronic obstructive pulmonary disease (COPD), scar tissue due to burns over 80% of his body, bipolar disorder, generalized anxiety disorder and post-traumatic stress disorder (PTSD)." *Id*. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. Tr. 25-26. The ALJ found Plaintiff has the following RFC:

> [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except he can stand or walk for about two hours and sit for up to six hours during an eight-hour workday, with normal breaks. He can occasionally climb ramps and stairs, but he should never be required to climb ladders, ropes or scaffolds. He should never be required to crawl. He can frequently handle and finger with his bilateral upper extremities. He must avoid concentrated exposure to irritants, such as fumes, odors, dust, gases and poorly ventilated areas. He should avoid all exposure to extreme cold and hazards, such as unprotected heights and dangerous machinery. In addition, he is limited to simple and routine tasks.

Tr. 26. The ALJ found Plaintiff has no past relevant work. Tr. 31. Plaintiff was born on August 25, 1972, and he is now 50 years old. *Id.* Plaintiff has a limited education. Tr. 32.

The ALJ determined the transferability of job skills is not an issue because Plaintiff does not have any past relevant work. *Id*. Relying on the testimony of the VE and considering Plaintiff's age, education, work experience, and RFC, the ALJ found there were jobs existing in significant numbers in the national economy which Plaintiff could perform, including representative occupations of hand assembler (*Dictionary of Occupational Titles* ("*DOT*") No. 734.687-074, with approximately 50,000 positions nationally), machine tender (*DOT* No. 689.585-018, with approximately 39,000 positions nationally), and table worker (*DOT* No. 739.687-182, with approximately 120,000 positions nationally). *Id*. The ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, since November 7, 2019, the date his application for benefits was filed, through the date of his decision. *Id.*

**IV. Discussion**

As a preliminary matter, Plaintiff alleged an onset of disability date of May 15, 2013, but subsequently amended the date to November 7, 2019. Tr. 261. Thus, to be entitled to SSI benefits, Plaintiff must demonstrate he was disabled from the date of his amended onset to the date of the ALJ's decision on January 12, 2021.

Plaintiff asserts three arguments in support of remand: (1) the Appeals Council did not properly consider newly submitted evidence in denying his request for review of the ALJ's decision; (2) the RFC was not supported by some medical evidence; and (3) the hypothetical question to the vocational expert did not include the restrictions outlined in the additional evidence submitted to the Appeals Council; therefore, the conclusions reached by the VE were not supported by substantial evidence. ECF No. 11.

### *A. The Appeals Council's Review of Additional Evidence Submitted by Plaintiff*

On January 12, 2021, the ALJ issued an unfavorable decision finding Plaintiff not disabled. Tr. 19-37. Plaintiff filed a request for review of the ALJ's decision with the Appeals Council. Tr. 238-39. On February 24, 2021, Plaintiff's treating psychiatrist, Dr. Jaron M. Asher, completed a Mental RFC Questionnaire, which was submitted as additional evidence of disability to the Appeals Council.[2] Tr. 15-18.

Within the Questionnaire, Dr. Asher indicated Plaintiff's first office visit was one year earlier, on January 21, 2020, and he was seen every six months after the initial appointment. Tr. 15. Plaintiff's mental impairments included bipolar I, depression, paranoia (which he noted was "controlled mostly" by medication), and severe nightmares. *Id.* Dr. Asher checked the boxes indicating Plaintiff had the following symptoms: decreased energy, mood disturbance, difficulty thinking or concentrating, persistent disturbances of mood or affect, paranoid thinking or inappropriate suspiciousness, delusions, and sleep disturbance. Tr. 16. Dr. Asher opined Plaintiff's "mood instability and paranoia interfere[d] with his ability to maintain employment," and expressed his belief that Plaintiff was not a malingerer. Tr. 17-18.

Dr. Asher then indicated Plaintiff had the following limitations in his ability to do unskilled work: (1) limited but satisfactory ability to understand and remember very short and simple instructions, carry out very short and simple instructions, and ask simple questions or request assistance; (2) seriously limited but not precluded ability to remember work-like procedures, maintain attention for two-hour segment, make simple work-related decisions, and respond appropriately to changes in a routine work setting; and (3) unable to meet competitive standards in maintaining regular attendance and being punctual within customary tolerances,

---

[2] The Court notes this Questionnaire was requested by Plaintiff's attorney on September 14, 2020; however, Dr. Asher did not complete it until after the ALJ issued his determination. *See* Tr. 13.

sustaining an ordinary routine without special supervision, working in coordination with or proximity to others without being unduly distracted, completing a normal work day and work week without interruptions from psychologically based symptoms, performing at a consistent pace without an unreasonable number and length of rest periods, accepting instructions and responding appropriately to criticism from supervisors, getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes, dealing with normal work stress, interacting appropriately with the general public, coworkers and supervisors, and maintaining socially appropriate behavior. Tr. 17. Dr. Asher opined Plaintiff would miss, on average, four or more days of work per month due to his mental impairments. Tr. 18.

On September 1, 2021, the Appeals Council denied Plaintiff's request for review. Tr. 1-6. In the denial letter, the Appeals Council addressed Plaintiff's submission of Dr. Asher's opinion as follows:

> You submitted additional evidence from Jaron M. Asher, M.D. dated February 24, 2021 (6 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.

Tr. 2.

Plaintiff argues the Appeals Council erred because its explanation for why it declined to exhibit the evidence did not provide legally sufficient rationale to show there was no reasonable probability that Dr. Asher's opinion would change the outcome of the decision. Plaintiff asserts Dr. Asher's opinion was critical in showing Plaintiff did, in fact, have psychotic symptoms which would preclude him from the ability to maintain employment. Plaintiff explains, in part:

> The decision of the ALJ recognized the [P]laintiff had a severe mental impairment, based upon the evaluation of the non-examining sources Dr. Kim Stalker, Dr. John Duff, and Linda Skolnick. Tr. 31. The decision notes "nothing convincing exists in the record to suggest the [P]laintiff has experienced psychotic symptoms since he alleges his disability began in November 2019. Tr. 31. However, Dr. Asher's opinion appears to contradict that conclusion, as the

> severity of this mental health symptoms includes paranoia, which is a psychotic symptom. Tr. 15-18.
>
> The [ALJ's] decision recognized there was a medical opinion from Dr. Peter Ireland, reflecting [P]laintiff's chronic pain and mental disorders would provide significant barriers to regular work, but found that opinion unpersuasive, because it did not specify the [P]laintiff's exertional limitations.

ECF No. 11 at 9. Plaintiff asserts the opinion offered by Dr. Asher, which provided defined and significant limitations in his mental ability to perform unskilled work, raised a reasonable probability that the outcome of the ALJ's determination would have changed.

In response to Plaintiff's arguments, the Commissioner states there is no requirement for the Appeals Council to articulate detailed reasons for denying review. ECF No. 16 at 6. Moreover, the Commissioner contends it is not this Court's job to evaluate the Appeals Council's decision to deny review. *Id.* at 7. Instead, this Court is limited to making a determination as to whether the ALJ's decision is supported by substantial evidence on the record as a whole. *Id.*

The Court agrees with the Commissioner. "[T]here is no requirement that the Appeals Council articulate its reasons for denying review." *Roe v. Berryhill*, No. 4:16-CV-00960-PLC, 2018 WL 3729308, at *6 (E.D. Mo. Aug. 6, 2018) (citing 20 C.F.R. § 404.970(b)). The Eighth Circuit has held that any argument asserting the Appeals Council must articulate its own assessment of additional evidence "misconstrues the function of the Appeals Council under the [SSA] regulations." *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992).

Additionally, if the Appeals Council considered the new evidence and declined to grant review, the district court does not evaluate the Appeals Council's decision not to review. *Riley v. Shalal*a, 18 F.3d 619, 622 (8th Cir. 1994). Instead, in a case where the Appeals Council considered new and material evidence but denied review, it is the federal court's obligation to

determine whether substantial evidence on the record as a whole, including the new evidence, supported the ALJ's decision. *Davidson v. Astrue*, 501 F.3d 987, 990 (8th Cir. 2007). *See also Burrage v. Colvin*, No. 4:13-CV-1421-SNLJ (NCC), 2014 WL 4627194, at *14-15 (E.D. Mo. Sept. 15, 2014). If the new evidence is substantial and supports a contrary decision, the Court may not reverse the ALJ's decision if it is supported by substantial evidence. *Bergmann v. Apfel*, 207 F.3d 1065, 1068 (8th Cir. 2000). *See also McDade v. Astrue*, 720 F.3d 994, 1000 (8th Cir. 2013) ("When the Appeals Council denies review of an ALJ's decision after reviewing new evidence, 'we do not evaluate the Appeals Council's decision to deny review, but rather we determine whether the record as a whole, including the new evidence, supports the ALJ's decision.").

The Court finds the Appeals Council clearly stated it considered the additional evidence and determined Dr. Asher's Mental RFC Questionnaire did not show a reasonable probability for changing the ALJ's decision. The Appeals Council had no obligation to articulate a more detailed rationale, and it is not this Court's role to evaluate the Appeals Council's decision to deny Plaintiff's request for review. Thus, the Court will not remand based on the Appeals Council's decision or explanation for denying review.

***B. Effect of Dr. Asher's Mental RFC Questionnaire on Plaintiff's RFC***

Plaintiff further argues Dr. Asher's opinion "calls into complete question the [ALJ's] findings of residual functional capacity that found [P]laintiff only was limited to simple, repetitive tasks, of an unskilled nature." ECF No. 11 at 11. In other words, Plaintiff contends substantial evidence on the record as a whole does not support the ALJ's determination with the introduction of Dr. Asher's Mental RFC Questionnaire. In response, the Commissioner asserts

"the ALJ properly considered the record" and "Dr. Asher's [Questionnaire] was unsupported, inconsistent with the record, and provides no basis for remand." ECF No. 16 at 8.

If the Appeals Council considered the new evidence but nonetheless declined to review, which occurred in the instant case, then the task for the reviewing court is to consider whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence that was not before the ALJ. *Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000); *Mackey v. Shalala*, 47 F.3d 951, 952 (8th Cir. 1995); *Riley*, 18 F.3d at 622; *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992); *Browning v. Sullivan*, 958 F.2d 817, 822-23 (8th Cir. 1992). To an extent, this requires the Court to speculate as to "how the administrative law judge would have weighed the newly submitted reports if they had been available in the original hearing." *Riley*, 18 F.3d at 622. In this regard, the Eighth Circuit's approach differs from that of other circuits, notably the Seventh and Sixth Circuits, which simply refuse to consider tardy evidence in considering a claimant's appeal. *Mackey*, 47 F.3d at 952.

As to the severity of Plaintiff's mental impairments, the ALJ determined Plaintiff had no more than a mild limitation in interacting with others. Tr. 25. The ALJ based this on: (1) Plaintiff's Function Report, in which he stated he had no difficulty getting along with authority figures and had never been fired from a job for an inability to interact with others; and (2) a February 2020 consultative examination which found Plaintiff to have no limitation in social functioning and was observed to be cooperative. Tr. 25 (citing Tr. 278, 988, 990). The ALJ then wrote, "[t]here is nothing persuasive in the record to indicate any more than mild limitations on the claimant's social functioning." *Id.*

While the ALJ's citation to the Function Report is correct in that Plaintiff indicated he could get along with individuals in authoritative positions and had never been terminated due to

interpersonal issues, he also reported he did not spend time with others, denied having friends, and experienced problems getting along with others because he believe[d] "people [were] trying to kill [him] for no reason[.]" Also noteworthy is Dr. Cara Newman's note in the February 2020 consultative examination, which stated, "[n]o records provided indicated a diagnosis of Schizoaffective Disorder" and his symptoms of Bipolar Disorder did not appear to be a present issue. Tr. 990. However, to the contrary, he was formally diagnosed with Schizoaffective Disorder as documented in his prison medical records and treatment notes from primary care physicians, and Dr. Asher's Mental RFC indicated he had "Bipolar I most recent episode depressed." *See, e.g.*, Tr. 15, 365, 737, 884, 965, 969, 997, 1001, 1004, 1008, 1012, 1015, 1029, 1070.

Moreover, Dr. Asher's Mental RFC indicated Plaintiff was unable to meet competitive standards in various areas of interacting with others, including accepting instructions and responding appropriately to criticism from supervisors, getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes, interacting appropriately with the general public, co-workers, and supervisors, and maintaining socially appropriate behavior. Tr. 17. Thus, the Court finds the evidence in the record as a whole, including the post-hearing evidence provided to the Appeals Council, undermines the ALJ's conclusion that Plaintiff had only a mild limitation in his ability to interact with others.

The ALJ also found Plaintiff had a mild limitation in concentrating, persisting, or maintaining pace based on his Function Report and the February 2020 consultative examination. Tr. 25. The ALJ once again determined, "[n]othing persuasive exists in the record to suggest any more than mild limitations on the claimant's ability to maintain concentration, persistence and pace while performing simple, unskilled tasks." *Id.* However, Dr. Asher's Mental RFC

Questionnaire opined that Plaintiff was unable to meet competitive standards in "[p]erform[ing] at a consistent pace without an unreasonable number and length of rest periods." Tr. 17. Thus, this post-hearing evidence also undermines the ALJ's conclusion that Plaintiff had a mild limitation in his ability to concentrate, persist, and maintain pace.

The ALJ also found Dr. Peter Ireland's April 17, 2020 letter to the SSA to be unpersuasive. Tr. 31. Dr. Ireland stated, in part, that "[f]rom the time [he] spent working with Mr. Bodway, it [wa]s [his] opinion that his chronic pain, schizoaffective disorder, and PTSD would provide significant barriers to regular work." Tr. 1070. The ALJ disregarded this letter because Dr. Ireland did not identify the specific barriers and, as a result, the opinion was "too vague to evaluate." Tr. 31. However, at the time of the ALJ's decision, Dr. Asher's Mental RFC Questionnaire, which *did* identify the significant barriers for employment, was not part of the objective medical evidence for the ALJ to review.

Lastly, the ALJ wrote in his opinion that, "[n]othing convincing exists in the record to suggest that the claimant has experienced psychotic symptoms since he alleges his disability began in November 2019." Tr. 31. This statement is now contradicted by Dr. Asher's assessment that Plaintiff's mood instability and paranoia, even though it is largely controlled by medication, would interfere with his ability to maintain employment, and cause him to be absent an unacceptable number of days per month. Tr. 17-18.

The Commissioner argues Dr. Asher's Mental RFC Questionnaire is unsupported and inconsistent with the record, including his own treatment notes reflecting normal mental status examinations. ECF No. 16 at 8-10. "While the ALJ may have found the [new record] inconsistent, affording it little deference, given [the physician's] status as a treating provider who is very familiar with plaintiff's medical condition and treatment, it cannot be said the ALJ would

have afforded it no deference." *Hamilton v. Barnhart*, 355 F. Supp. 2d 991, 1007 (E.D. Mo. 2005). Following this same rationale, the Court cannot definitively find that the ALJ would have determined Dr. Asher's opinion to be unpersuasive. "Moreover, the ALJ would have had, if the evidence had been available, the opportunity to inquire regarding the apparent inconsistency." *Id.* (citing 20 C.F.R. § 404.1512(e)(1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved[.]")).

Therefore, the Court cannot find that substantial evidence in the record as a whole supports the ALJ's opinion. Dr. Asher's Mental RFC Questionnaire is different in substance than the evidence already seen and heard by the ALJ. Specifically, prior to the inclusion of Dr. Asher's Mental RFC Questionnaire, no treating or non-treating physician had submitted a formal Mental RFC assessment or list of limitations. In his determination, the ALJ asserts that nothing persuasive or convincing existed in the record to suggest active psychotic symptoms or more than mild limitations in interacting with others, concentrating, persistence, or maintaining pace. However, if Dr. Asher's Mental RFC Questionnaire was in the record at the time the ALJ issued his opinion, there is a reasonable likelihood Dr. Asher's assessment would have changed the ALJ's determination because Dr. Asher sets limitations rendering Plaintiff disabled. *See Whitman v. Colvin*, 762 F.3d 701, 708 (8th Cir. 2014) (internal citation marks and quotations omitted) ("Material evidence is non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination."). When an ALJ's reasons for denying a disability finding is no longer supported by substantial evidence, remand is appropriate. *See Bergmann v. Apfel*, 207 F.3d 1065, 1071 (8th Cir. 2000).

On remand, the ALJ should consider the persuasiveness of Dr. Asher's Mental RFC Questionnaire, reevaluate Plaintiff's RFC in light of Dr. Asher's assessments, and seek an updated VE opinion, if necessary, which includes impairments that the ALJ finds credible and supported by the record as a whole. *See Smith v. Colvin*, 756 F.3d 621, 627 (8th Cir. 2014); *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **REVERSED** and that this case is **REMANDED** under 42 U.S.C. 1383(c)(3) and Sentence Four of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with this opinion.

So Ordered this 26th day of August, 2022.

STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE