**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LOUIS BODWAY,         ) <br> ) <br> Plaintiff,         ) <br> ) <br> v.         ) <br> ) <br> KILOLO KIJAKAZI,         ) <br> Acting Commissioner of Social Security  ) <br> Administration,         ) <br> ) <br> Defendant.         ) | Case No. 4:21-CV-1195 SRW |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Louis Bodway's Application for Award of Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 19. On August 26, 2022, this Court reversed the Commissioner's decision and remanded Plaintiff's case for further proceedings. Plaintiff now seeks attorney's fees in the amount of One Thousand Seven Hundred Sixty-Three Dollars and Seventy-Five Cents ($1,763.75). This amount is based on 8.5 hours of attorney work at $207.50 per hour. Plaintiff requests compensation at the statutory hourly rate of $125.00, plus a cost-of-living adjustment, pursuant to 28 U.S.C. § 2412(d). The Commissioner filed a response asserting Defendant has no objection to the request. ECF No. 20.

The Court has reviewed Plaintiff's Application for Award of Attorney's Fees pursuant to the EAJA, and concludes the statutory requirements are met. By Order and Judgment of Remand dated August 26, 2022, the Court remanded this case to defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 17, 18. A claimant seeking judicial review of a final decision denying Social Security disability benefits may

recover attorney's fees if he or she receives a "sentence four" remand. *See Shalala v. Schaefer*, 509 U.S. 292, 295-96 (1993).

Attorney's fees may not be awarded in excess of $125.00 per hour – the maximum statutory rate under § 2412(d)(2)(A) – unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). However, the hourly rate should be increased where there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125] per hour," such as the Consumer Price Index. *Johnson v. Sullivan*, 919 F.2d 503, 504-505 (8th Cir. 1990). In this case, Plaintiff has presented uncontested evidence of an increase in the cost of living. ECF No. 19-3. The Court agrees with Plaintiff that a cost-of-living increase is appropriate.

As Plaintiff prevailed and is not otherwise precluded from receiving attorney's fees, the Court finds he is entitled to the fee amount of $1,763.75.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Louis Bodway's Application for Award of Attorney's Fees pursuant to the Equal Access to Justice Act [ECF No. 19] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security Administration shall pay attorney's fees under the Equal Access to Justice Act in the amount of One Thousand Seven Hundred Sixty-Three Dollars and Seventy-Five Cents ($1,763.75).

**IT IS FURTHER ORDERED** that the award of attorney's fees shall be made payable to Plaintiff Louis Bodway, subject to any pre-existing debt which the Plaintiff owes the United States,

and the check should be mailed to Plaintiff's counsel at Jeffrey J. Bunten LLC, 36 Four Seasons Center, Suite 340, Chesterfield, Missouri 63017.

So Ordered this 11th day of October, 2022.

STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE